IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VAUN THOMAS, #230137      * <br>          Plaintiff, <br> v.                                 *    Civil Action Case No.  PJM-09-913 <br><br> MARYLAND DEPT. OF CORRECTIONS    * <br>          Defendant. <br>                                          *** | |

## **MEMORANDUM OPINION**

Procedural History

       Plaintiff is a returning Maryland Division of Correction ("DOC") inmate.  In this 42 U.S.C. § 1983 civil rights action he states that he was transferred from the Maryland DOC to the Department of Corrections in Connecticut on February 11, 2003, pursuant to the Interstate Corrections Compact.  Paper No. 1.  Plaintiff complains that while confined in Connecticut he was seriously assaulted on January 8, 2006, and was transferred back to Maryland on April 17, 2006, because of "his assaultive behavior."  *Id*.  He asserts that Defendant is responsible for his injuries as he was not "safe…" while in Connecticut.  Plaintiff claims that he has a "steel plate on my brain and seizure pills for daily semi-seizures [and he] currently [has] a left leg tendon sliced."  *Id*.  He requests $100,000.00 in damages and aggressive physical therapy.

       On July 27, 2009, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary.  Paper No. 9.  The Motion relies on no materials outside the scope of the pleading and seeks dismissal based solely on Defendant's sovereign immunity as a Maryland agency.  Plaintiff has filed his Oppositions.  Paper No. 11 & 12.   The Complaint is ready for Court review and may be decided on the pleadings.  No oral hearing is necessary.  *See* Local Rule 105.6.  (D. Md. 2008).

Standard of Review

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombley*, 127 S.Ct. 1955, 1964-65 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" *Id*. at 1966 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, ---- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *IFAST, Ltd. v. Alliance Solution Telecommunications Industry*, 2007 WL 3224582, at *3 (D. Md. 2007).

Neither the State, nor an arm of the State, is a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

Analysis

In his Oppositions, Plaintiff provides evidence showing that he was involuntarily transferred to Connecticut pursuant to a corrections compact referral. Paper No. 11. The reasons for the transfer are evident from the material. Plaintiff has an extensive adjustment history and was known as the "Enforcer" for inmate drug dealers who were owed debts by other inmates. *Id*. It was Plaintiff's job to attack inmates to satisfy those drug debts. Maryland officials opined that separating Plaintiff from his street friends would reduce his illegal activity.

Plaintiff's exhibits show that on January 8, 2006, while confined at the Cheshire Correctional Institution in Connecticut, Plaintiff was struck from behind by another inmate with a manufactured weapon (lock in a sock) and sustained injuries to his head. He was admitted to a local hospital in critical condition and underwent emergency surgery for head trauma and a subdural hematoma.[1]

The Maryland DOC is protected from suit for monetary damages by sovereign immunity under the Eleventh Amendment. The DOC is a state agency. It is statutorily considered a division of the Maryland Department of Safety and Correctional Services. *See* Md. Code. Ann., Corr. Servs., Art., §§ 1-101(g) & 3-201. Consequently, the Complaint against the DOC is subject to dismissal for want of jurisdiction.

The undersigned further observes that Plaintiff's failure-to-protect claim against Defendant is otherwise without merit. The incident at issue occurred while Plaintiff was housed under the custody and control of the Connecticut Department of Corrections. There is no factual or legal

---

[1] In his Opposition attachments, Plaintiff for the first time seemingly alleges that after being transferred back to the Maryland DOC he has not been provided the care ordered by the University of Connecticut Hospital Center, *i.e.* bone and body x-rays and aggressive physical therapy.

basis for finding the Maryland DOC or its personnel culpable for the serious January 2006 assault that occurred in Connecticut.[2]

For the aforementioned reasons, the Court shall grant Defendant's Motion to Dismiss and dismiss the Complaint. A separate order follows.

August 13, 2009

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Plaintiff claims that he is not receiving proper medical treatment related to his head or leg injuries, he may file a new case against the proper state or medical personnel who have allegedly failed to provide him care.